# United States District Court
# Central District of California

| | |
|---|---|
| ANTONIO FERNANDEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>O'REILLY AUTO ENTERPRISES, LLC, a Delaware Limited Liability Company; and Does 1–10.<br><br>　　　　　Defendants. | Case No. 2:19-cv-05464-ODW (KSx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [41]** |

## I.　INTRODUCTION

Plaintiff Antonio Fernandez alleges that the sales counter at Defendant O'Reilly Auto Enterprises, LLC's store violates the Americans with Disabilities Act ("ADA") because its lowered transaction counter contained store merchandise and other items. (Compl., ECF No. 1.) Before the Court is Fernandez's Motion for Summary Judgment on his ADA claim.[1] (Mot. Summ. J. ("MSJ"), ECF No. 41.) For the following reasons, Fernandez's Motion is **DENIED**.[2]

---

[1] While this Motion was pending, the Court granted O'Reilly's Motion to Dismiss Fernandez's Unruh Act claim. (*See* Order Granting Def.'s Mot. to Dismiss, ECF No. 50.) Accordingly, Fernandez's motion is moot to the extent he seeks summary judgment on that claim.

[2] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND[3]

Fernandez is paralyzed from the waist down and uses a wheelchair for mobility. (Pl.'s Statement of Uncontroverted Facts ("PSUF") 1, ECF No. 41-2.) On June 10, 2019, Fernandez visited an O'Reilly Auto Parts located at 8720 Whittier Boulevard in Pico Rivera, California (the "Store"), to "shop and to assess the business for compliance with access laws." (PSUF 5.) After Fernandez finished shopping, he requested that an employee help him check out at a lowered, accessible transaction counter. (PSUF 6.) The employee offered to help Fernandez at a higher transaction counter instead, as the accessible counter contained merchandise and other items. (*Id.*) Fernandez completed his transaction at the higher counter, but he asserts that he had a difficult time doing so, and that the experience was very embarrassing. (PSUF 8.) Following his visit to the Store, Fernandez initiated this action against O'Reilly, alleging that the company failed to provide an accessible sales counter in violation of the ADA. (*See* Compl.)

## III. LEGAL STANDARD

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Courts must view the facts and draw reasonable inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). A disputed fact is "material" where the resolution of that fact might affect the outcome of the suit under the governing law, and the dispute is "genuine" where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Conclusory or speculative testimony in affidavits is insufficient to raise genuine issues of fact and defeat summary judgment. *Thornhill Publ'g Co. v. GTE Corp.*, 594 F.2d

---

[3] O'Reilly purports to dispute several of Fernandez's facts, but its disputes are either unsupported or immaterial. (*See, e.g.*, O'Reilly's Statement of Genuine Issues ("SGI") 5 (unsupported), 8 (immaterial), ECF No. 42-1.) To the extent the Court relies on any purportedly disputed fact without discussion, the Court deems it undisputed.

730, 738 (9th Cir. 1979). Moreover, though the Court may not weigh conflicting evidence or make credibility determinations, there must be more than a mere scintilla of contradictory evidence to survive summary judgment. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

Once the moving party satisfies its burden, the nonmoving party cannot simply rest on the pleadings or argue that any disagreement or "metaphysical doubt" about a material issue of fact precludes summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987). Nor will uncorroborated allegations and "self-serving testimony" create a genuine issue of material fact. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002). The Court should grant summary judgment against a party who fails to demonstrate facts sufficient to establish an element essential to his case when that party will ultimately bear the burden of proof at trial. *See Celotex*, 477 U.S. at 322.

Pursuant to the Local Rules, parties moving for summary judgment must file a proposed "Statement of Uncontroverted Facts and Conclusions of Law" that sets out "the material facts as to which the moving party contends there is no genuine dispute." C.D. Cal. L.R. 56-1. A party opposing the motion must file a "Statement of Genuine Disputes" setting forth all material facts as to which it contends there exists a genuine dispute. C.D. Cal. L.R. 56-2. "[T]he Court may assume that material facts as claimed and adequately supported by the moving party are admitted to exist without controversy except to the extent that such material facts are (a) included in the 'Statement of Genuine Disputes' and (b) controverted by declaration or other written evidence filed in opposition to the motion." C.D. Cal. L.R. 56-3.

## IV.  DISCUSSION

Fernandez concedes that "the Store has a physically [ADA] complaint lowered counter." (MSJ 1.) His sole claim then, is that O'Reilly "fail[s] to maintain th[e]

counter in a manner that is usable by disabled persons" by sometimes storing merchandise and other items on the lowered accessible counter. (*Id.*) In opposition, O'Reilly argues that there is no ADA requirement that a public accommodation maintain a clutter-free or "clear" accessible counter. (*See* Opp'n 11–14.)

The ADA does not require that public accommodations maintain a specific amount of usable counter space. *See Johnson v. Starbucks Corp*, 818 F. App'x 657, 659 (9th Cir. 2020) (first citing 2010 Standards for Accessible Design; and then citing 28 C.F.R. § 36.211(a)). However, a violation of the ADA can occur where a defendant fails to maintain its ADA compliant features in a usable manner. *See id.*

Here, Fernandez's evidence fails to show that the accessible counter was not actually available to him for its intended use—placing items for purchase and transacting sales. During his first visit to the Store, Fernandez purchased a one-gallon bottle of antifreeze and a twenty-amp mini fuse. (Decl. of Antonio Fernandez ("Fernandez Decl."), Ex. B ("June 10, 2019 Receipt"), ECF No. 41-5.) Fernandez submits a photograph[4] in support of his Motion showing that there was store merchandise, a clipboard, paper towels, and magazines on the accessible counter; however, the photograph fails to demonstrate that these items made the accessible counter unusable. (*See id.*, Ex. 2.) Indeed, no reasonable jury could find that the items made the remainder of the accessible counter unavailable to him to place his items for purchase and transact the sale.

Moreover, even if the accessible counter was cluttered when Fernandez visited in June 2019, that fails to show that the condition "*persist[ed] beyond a reasonable period of time*" such that it constitutes a violation of the ADA. *See Chapman v. Pier 1 Imports (U.S.) Inc.*, 779 F.3d 1001, 1007 (9th Cir. 2015). "[T]he generally applicable regulations explain that the requirement that public accommodations maintain 'readily accessible' facilities and equipment 'does not prohibit isolated or *temporary*

---

[4] The Court notes that the caption on the photograph from the June 10, 2019 visit states "Plaintiff Lammey," and not "Plaintiff Fernandez." (*See* Fernandez Decl., Ex. 2.) However, Fernandez submitted a Notice of Errata claiming that the picture was captioned incorrectly. (*See* ECF No. 44.)

*interruptions* in . . . access.'" *Id.* at 1006 (quoting 28 C.F.R. § 36.211(b)). Evaluating the ADA standards and federal regulations, the Ninth Circuit concluded that clutter on an accessible sales counter "on only two or three visits" is insufficient to demonstrate a violation of the ADA. *Id.* at 1010.

Fernandez contends that the accessible counter was cluttered on only *one* occasion,[5] which at most demonstrates only an isolated or temporary interruption in his ability to use the accessible counter. *See id.* Thus, under these facts, Fernandez fails to state a claim for a violation of the ADA.

In sum, because there is no requirement for a specific amount of clear counter space, and because the facts demonstrate only an isolated or temporary interruption to access, Fernandez is not entitled to summary judgment on his ADA claim.

## V. CONCLUSION

For the foregoing reasons, the Court **DENIES** Fernandez's Motion for Summary Judgment. (ECF No. 41.)

**IT IS SO ORDERED.**

June 21, 2021

                              _____
                                    OTIS D. WRIGHT, II
                              UNITED STATES DISTRICT JUDGE

---

[5] The Court notes that while Fernandez purports to have visited the Store again in December 2020, this visit was in contravention of Magistrate Judge Karen L. Stephenson's order requiring that "the parties . . . schedule an expert site inspection to be attended by *both parties' experts*." (Mins. of Telephonic Disc. Conference, ECF No. 39 (emphasis added); *see* Objections, ECF No. 42-2.) Fernandez conducted the December 2020 site inspection without notice to O'Reilly and outside the presence of its counsel or expert witness. (Objections 4–5.) Thus, the Court does not consider the evidence Fernandez submits in support of this unauthorized site inspection.