O

# United States District Court
# Central District of California

| | |
|---|---|
| ANTONIO FERNANDEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>O'REILLY AUTO ENTERPRISES, LLC, et al.,<br><br>        Defendants. | Case No. 2:19-cv-05464-ODW (KSx)<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW; ORDER DENYING DEFENDANT'S MOTION IN LIMINE NO. 1 [46][61]** |

## I.  INTRODUCTION

On July 20, 2021, the Court held a one-day bench trial in this case. (ECF No. 75.) Plaintiff Antonio Fernandez tried one claim against Defendant O'Reilly Auto Enterprises, LLC under the Americans with Disabilities Act ("ADA"). Fernandez contends that the lowered accessible transaction counter ("ADA Counter") at an O'Reilly store was cluttered, and O'Reilly failed to modify a policy, practice, or procedure to prevent discrimination under the ADA.

The parties submitted documentary evidence and elicited testimony from Fernandez, Evens Louis (Fernandez's investigator), and Jose Montellano (O'Reilly's regional director for Los Angeles).

Having carefully reviewed and considered the evidence and arguments of counsel as presented at trial and in their written submissions, the Court issues the following findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52(a). To the extent that any finding of fact constitutes a conclusion of law, it is adopted as such, and vice versa.

## II.   FINDINGS OF FACT

1. Fernandez is disabled as defined by the ADA.

2. O'Reilly Auto Enterprises, LLC operates the O'Reilly store located at 8270 Whittier Boulevard, Pico Rivera, California (the "Store").

3. The Store has several non-ADA sales and service counters and one ADA Counter that is structurally compliant with ADA requirements. On June 10, 2019, Fernandez visited the Store to purchase a one-gallon container of antifreeze and a car fuse.

4. Fernandez provided testimony regarding his experiences at the Store. The Court did not find Fernandez credible. Fernandez was careless with the facts and overall unreliable.

5. Fernandez testified, but failed to establish, that clutter on the ADA Counter made it unusable. Fernandez relies on a photograph of the ADA Counter taken on June 10, 2019, admitted as Exhibit 1. The photograph shows a clipboard, a roll of paper towels, magazines, and merchandise on the Counter. The photograph fails to demonstrate that the items on the ADA Counter made it unusable. On cross-examination, Fernandez admitted that he could have placed his items on the ADA Counter.

6. Fernandez testified that during the June 10, 2019 visit, an O'Reilly sales associate summoned him to a non-ADA counter to complete his sales transaction. Fernandez testified he completed his transaction at the non-ADA counter, but it was difficult and embarrassing.

7. Fernandez relies on Exhibit 2, which is a photograph taken on June 10, 2019, that depicts Fernandez at a non-ADA counter purportedly using the debit/credit card point of sale terminal to make his purchase. There is no sales associate at the counter where Fernandez is located, and the antifreeze and fuse are not seen on the counter or otherwise visible.

8. On direct examination, Fernandez testified confidently several times that during the June 10, 2019 visit he took a photograph admitted as Exhibit 7, which depicts a white plastic bag on top of the ADA Counter. Later, and only after leading questions from his counsel, Fernandez admitted that Fernandez's investigator, Evens Louis, took the photograph admitted as Exhibit 7 during Louis's June 17, 2019 visit to the Store.

9. On December 15, 2020, Fernandez visited the Store again to purchase one bottle of headlight cleaner. Fernandez testified that clutter on the ADA Counter precluded him from conducting his sale at that counter. However, Fernandez introduced no evidence demonstrating the extent of the purported clutter on the ADA Counter during the December 15, 2020 visit.

10. Fernandez testified that during the December 15, 2020 visit, an O'Reilly sales associate summoned him to a non-ADA counter to complete his transaction.

11. Fernandez also advanced a new theory at trial that O'Reilly violated the ADA because it does not have a policy that mandates its sales associates assist persons with disabilities at the ADA Counter. This "policy" theory was not included in the pleadings.

12. Montellano, the Regional Director for O'Reilly's Los Angeles stores, testified at trial. Montellano's testimony concerning O'Reilly's ADA policies was generally credible. Montellano testified that he visits the Store approximately once every three months and is familiar with O'Reilly's policies. Montellano testified that O'Reilly's policy is to comply with the ADA's accessibility requirements and O'Reilly provides ADA training to its employees.

13. Montellano testified that O'Reilly's policy is to encourage employees to assist customers at whichever counter they are located, and O'Reilly does not have a policy or practice of summoning a person with a disability to a non-ADA counter. Montellano stated it is counter and contrary to O'Reilly's policy to summon a person with a disability to a non-ADA counter.

### III.  CONCLUSIONS OF LAW

14. Fernandez's initial theory of liability was that O'Reilly failed to maintain the ADA Counter in a usable manner. (*See generally* Compl., ECF No. 1.)

15. Title III of the ADA "prohibits discrimination against the disabled in the full and equal enjoyment of public accommodations." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 779 F.3d 1001, 1005 (9th Cir. 2015) (quoting *Spector v. Norwegian Cruise Line Ltd.*, 545 U.S. 119, 128 (2005)). The anti-discrimination provisions of the ADA require public accommodations, like O'Reilly, "to design and construct facilities" that are "readily accessible to and usable by individuals with disabilities." *Id.*; 42 U.S.C. § 12183(a)(1).

16. ADA regulations "require that a public accommodation maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities." *Chapman*, 779 F.3d at 1006 (internal quotation marks omitted); 28 C.F.R. § 36.211(a). "[T]he generally applicable regulations explain that the requirement that public accommodations maintain 'readily accessible' facilities and equipment 'does not prohibit isolated or *temporary interruptions* in . . . access.'" *Id.* at 1006 (quoting 28 C.F.R. § 36.211(b)). An obstruction must "*persist beyond a reasonable period of time*" to violate the ADA. *Chapman*, 779 F.3d at 1007.

17. Evaluating the ADA standards and federal regulations, the Ninth Circuit has concluded that clutter on an accessible sales counter "on only two or three visits" is insufficient to demonstrate a violation of the ADA. *Id.* at 1010.

18. The Court finds Fernandez's theory that O'Reilly failed to maintain the ADA Counter in a usable manner meritless. First, based on the evidence presented at trial, the items on the ADA Counter did not render it unusable. Indeed, Fernandez testified that he could have placed his items on the counter. Second, Fernandez testified that he encountered clutter on the ADA Counter on two occasions, sixteen months apart. However, applicable precedent holds that these isolated and temporary obstructions cannot establish a violation of the ADA. *See id.* (explaining that clutter on an accessible sales counter on only two or three visits to a public accommodation is at most a "temporary or isolated interruption[] in . . . access.").

19. Accordingly, Fernandez fails to demonstrate O'Reilly violated the ADA by failing to maintain the ADA Counter in a usable manner.

20. Fernandez's new theory of liability is that O'Reilly violates the ADA because it does not have a policy that mandates its sales associates assist persons with disabilities at the ADA Counter.

21. To prove this policy or practice claim, Fernandez must establish: "(1) he is disabled as that term is defined by the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; (3) the defendant employed a discriminatory policy or practice; and (4) the defendant discriminated against the plaintiff based upon the plaintiff's disability by (a) failing to make a requested reasonable modification that was (b) necessary to accommodate the plaintiff's disability." *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1082 (9th Cir. 2004).

22. Fernandez is required to prove each element of this claim by a preponderance of the evidence. *See Lopez v. Catalina Channel Express, Inc.*, 974 F.3d 1030, 1033 (9th Cir. 2020).

23. Fernandez presented no credible evidence that O'Reilly has a discriminatory policy or practice. He claims that on two occasions an O'Reilly employee refused to assist him at the ADA Counter. Even if that were true, two

isolated encounters does not establish a discriminatory policy or practice. The Court credits the testimony of Montellano and finds that a Store employee's purported refusal to serve a person with disabilities at the ADA Counter is contrary to O'Reilly policy and practice. Because Fernandez fails to establish a discriminatory policy or practice, he also cannot show that O'Reilly discriminated against him by failing to reasonably modify a policy or practice. *See Fortyune*, 364 F.3d at 1082.

24. Accordingly, the Court finds that Fernandez fails to demonstrate O'Reilly violated the ADA by employing a discriminatory policy or practice.

25. Therefore, Fernandez has not proven his claim under Title III of the ADA. The Court finds in favor of O'Reilly and against Fernandez on Fernandez's claim for violation of the ADA.

### IV.   MOTION IN LIMINE NO. 1

O'Reilly filed a Motion in Limine to exclude any evidence Fernandez gathered during his December 15, 2020 visit to the Store, which O'Reilly claims was in violation of Magistrate Judge Karen L. Stephenson's discovery order. (ECF Nos. 46, 61.) At trial, Fernandez did not attempt to introduce any evidence stemming from this visit. Accordingly, O'Reilly's Motion in Limine is **DENIED AS MOOT**. (ECF Nos. 46, 61.)

### V.   CONCLUSION

In light of the Court's findings of fact and conclusions of law, the Court **ORDERS** O'Reilly to submit a Proposed Judgment no later than August 10, 2021.

**IT IS SO ORDERED.**

August 3, 2021

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**